## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**DAVID WILLIAMS,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　　　　　　C.A. No. 05-11104-MLW

**DAVID NOLAN, et al.,**

    **Defendants.**

### DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants, David Nolan, Kristie Ladoucer, Sherry Elliot, Gary Frye and Francis MacKinnon-Berghaus, through counsel, hereby answer the allegations of plaintiff's Complaint as follows:

### PARTIES

1.    Defendants admit that plaintiff David Williams is a prisoner committed to the lawful custody of the Massachusetts Department of Correction and is presently confined to MCI-Cedar Junction.

2.    Defendants admit that David Nolan is an employee of the Department of Correction, working at the Massachusetts Correctional Institution at Cedar Junction ("MCI-Cedar Junction"). The second sentence does not require a response. To the extent a response is required, the allegation is denied.

3.    Defendants admit that Peter Allen was formerly employed by the Department of Correction as the Superintendent of MCI-Cedar Junction. The second sentence does not require a response. To the extent a response is required, the allegation is denied.

4.    Defendants admit that Kristie Ladouceur is an employee of the Department of Correction, working as the Department's grievance coordinator. The second sentence does not

require a response.  To the extent a response is required, the allegation is denied.

5.    Defendants admit that Sherry Elliot is an employee of the Department of Correction, working as the Director of Treatment for MCI-Cedar Junction.  The second sentence does not require a response.  To the extent a response is required, the allegation is denied.

6.    Defendants admit that Gary Fyfe is an employee of the Department of Correction, presently working as a recreation officer at MCI-Cedar Junction.  The second sentence does not require a response.  To the extent a response is required, the allegation is denied.

7.    Defendants admit that Francis MacKinnon is an employee of the Department of Correction, who formerly worked as the property sergeant at MCI-Cedar Junction.  The second sentence does not require a response.  To the extent a response is required, the allegation is denied.

## JURISDICTION

8.    This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

9.    This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

## STATEMENT OF FACTS

10.    Defendants admit to the allegations contained in this paragraph.

11.    Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

12.    Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

13.    Defendants are without sufficient information with which to form a belief as to the

3

veracity of the allegations contained in this paragraph and they are therefore denied.

14.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

15.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

16.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

17.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

18.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

19.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

20.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

21.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

22.     Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

23.     Defendants admit that plaintiff's "emergency" inmate grievance was denied for the reasons stated on the grievance denial, but deny the remaining allegations contained in this paragraph.

4

24. Defendants admit that plaintiff filed an appeal of the denial of his grievance, but deny the remaining allegations contained in this paragraph.

25. Defendants admit that plaintiff's appeal of the grievance denial was denied, but deny the remaining allegations contained in this paragraph.

26. Defendants admit the allegations contained in this paragraph.

27. Defendants are without sufficient information with which to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

28. Defendants admit that Defendant Nolan did send a letter to plaintiff regarding plaintiff's property issue, but deny the remaining allegations contained in this paragraph.

29. Defendants deny the allegations contained in this paragraph.

## COUNT I

Defendants re-allege their responses to the allegations which are contained in paragraphs 1 through 29, inclusive and incorporate same by reference hereto.

30. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

31. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

33. Defendants deny the allegations contained in this paragraph.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

## COUNT II

Defendants re-allege their responses to the allegations which are contained in paragraphs 1 through 35, inclusive and incorporate same by reference hereto.

36.   The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

37.   The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

38.   Defendants deny the allegations contained in this paragraph.

39.   Defendants deny the allegations contained in this paragraph.

40.   Defendants deny the allegations contained in this paragraph.

41.   Defendants deny the allegations contained in this paragraph.

## COUNT III

Defendants re-allege their responses to the allegations which are contained in paragraphs 1 through 41, inclusive and incorporate same by reference hereto.

42.   The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

43.   The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

44.   Defendants deny the allegations contained in this paragraph.

45. Defendants deny the allegations contained in this paragraph.

## COUNT IV

Defendants re-allege their responses to the allegations which are contained in paragraphs 1 through 45, inclusive and incorporate same by reference hereto.

46. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

47. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

48. Defendants deny the allegations contained in this paragraph.

49. Defendants deny the allegations contained in this paragraph.

## COUNT V

Defendants re-allege their responses to the allegations which are contained in paragraphs 1 through 49, inclusive and incorporate same by reference hereto.

50. Defendants deny the allegations contained in this paragraph.

51. Defendants deny the allegations contained in this paragraph.

52. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent this paragraph contains allegations which require a response, the allegations are denied.

## PRAYER FOR RELIEF

7

Defendants oppose the relief requested by plaintiff in the Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8, defendants assert the following affirmative defenses:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

If plaintiff suffered any injury or other damage, these were caused by plaintiff's conduct and acts or the conduct or acts of third parties for which the defendants are not legally responsible.

## THIRD DEFENSE

Defendants deny that plaintiff is entitled to judgment or relief requested.

## FOURTH DEFENSE

Plaintiffs' allegations fail to rise to the level of constitutional violations.

## FIFTH DEFENSE

Defendants acted at all times relevant to the allegations contained in the complaint within the scope of their employment and in their official capacities and performed in good faith. Defendants at all times acted reasonably, in good faith, within their official discretion and not in disregard of settled principles of constitutional law with respect to all matters alleged in the complaint.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e.

## SEVENTH DEFENSE

Plaintiff, by his conduct and actions and/or the conduct and actions of their servants and

8

agents, is estopped to recover any judgment against the defendants.

### **EIGHTH DEFENSE**

Plaintiff, by his conduct and actions and/or the conduct and actions of their servants and agents, has waived any and all rights they may have had against the defendants, and therefore, is barred from recovery against the defendants.

### **NINTH DEFENSE**

Defendants are absolutely and qualifiedly immune from liability for any and all matters raised in plaintiff's complaint under Federal and State law.

### **TENTH DEFENSE**

Plaintiffs' claims are barred for failure to exhaust available administrative remedies.

### **ELEVENTH DEFENSE**

Defendants hereby assert all other affirmative defenses as may become available to them during the course of this litigation and reserves the right to further amend this Answer to assert any affirmative defenses that may become known.

**DEFENDANTS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Dated: July 15, 2005                    Respectfully submitted,

                                        DEFENDANTS, DAVID NOLAN, KRISTIE
                                        LADOUCEUR, SHERRY ELLIOT, GARY FYFE,
                                        FRANCIS MACKINNON-BERGHAUS

                                        By their attorneys,

9

NANCY ANKERS WHITE
Special Assistant Attorney General


/s/  Richard C. McFarland
Richard C. McFarland,  BBO # 542278
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110
(617) 727-3300,  Ext. 132