UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID WILLIAMS, pro se<br>Plaintiff,<br><br>v.<br><br>DAVID NOLAN, in his personal capacity; PETER E. ALLEN, in his personal capacity; KRISTIE LADOUCEUR, in her personal capacity; SHERRY ELLIOTT, in her personal capacity; GARY FYFE, in his personal capacity; FRANCIS MACKINNON, in her personal capacity,<br>Defendants. | District Court Docket No.<br>05-11104-**MLW** |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Now comes the Plaintiff in the above – entitled matter and moves before this Honorable Court pursuant to Fed. R. Civ. P. 15 (a), requests granting this motion to amend his complaint. In this civil action and that the interest of justice will be served by permitting the plaintiff to amend his complaint so it may state a claim against the defendants and no prejudice to the defendants will result if the Court grants this motion in its entirety.

Plaintiff attaches his memorandum of reason in support of this motion.

Dated: October 31, 2005

Respectfully submitted,

David Williams, pro se

David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071-0100

.1.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon attorney of record Richard C. McFarland at 70 Franklin Street, Boston, MA 02110 by pre-paid first class mail; MOTION FOR LEAVE TO AMEND COMPLAINT.

*David Williams, pro se*
David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071-0100

.2.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                                      )
DAVID WILLIAMS, PRO SE                )
Plaintiff,                            )
                                      )      DISTRICT COURT CIVIL
                                      )      DIVISION DOCKET NO:
V.                                    )
                                      )        05-11104-MLW
                                      )
DAVID NOLAN, in his personal          )
capacity; PETER E. ALLEN, in          )
his personal capacity; KRISTIE        )
LADOUCEUR, in her personal            )
capacity; SHERRY ELLIOTT, in          )      AMEND COMPLAINT
her personal capacity; GARY           )
FYFE, in his personal capacity;       )
FRANCIS MacKINNON, in her             )
personal capacity,                    )
Defendants.                           )
                                      )
_____ )
```

## PARTIES

1.  Plaintiff David Williams aka Herbert Vaughan, pro se, w-42189 is a natural person confined at Massachusetts Correctional Institution, Cedar Junction a state prison operated by the Massachusetts Department of Correction located in South Walpole, Massachusetts.

2.  Defendant David Nolan is a natural person employed as a government agent within the Massachusetts Department of Correction as former Superintendent of Massachusetts Correction Institution, Cedar Junction located in South Walpole, Massachusetts. He is being sued in his personal capacity.

3.  Defendant Peter E. Allen is a natural person formerly employed as a government agent within the Massachusetts Department of Correction as former Superintendent of Massachusetts Correctional Institution Cedar Junction located in South Walpole, Massachusetts. He is being sued in his personal capacity.

.1.

4. Defendant Kristie Ladouceur is a natural person employed as a government agent within the Massachusetts Department of Correction as Grievance Coordinator located in Milford, Massachusetts. She is being sued in her personal capacity.

5. Defendant Sherry Elliott is a natural person employed as a government agent within the Massachusetts Department of Correction as Director of Treatment at Massachusetts Correctional Institution located in South Walpole, Massachusett. She is being sued in her personal capacity.

6. Defendant Francis MacKinnon is a natural person employed as a government agent within the Massachusetts Department of Correction as former Sergeant of the Property Office at Massachusetts Correctional Institution, Cedar Junction located in South Walpole, Massachusetts. She is being sued in her personal capacity.

7. Defendant Gary Fyfe is a natural person employed as a government agent within the Massachusetts Department of Correction as a Recreation Officer at Massachusetts Correctional Institution, Cedar Junction located in South Walpole, Massachusetts. He is being sued in his personal capacity.

8. [A]ll the defendants have acted, under color of state law at all times relevant to this complaint.

## JURISDICTION

9. This cause of action arises under U.S.C.A. Const. Art. I, § 8; U.S.C.A. Art. III § 1, et seq; U.S.C.A. Const. Art. VII; Religious Land Use and Institutional Persons Act of 2000 § 3, 42 U.S.C.S. §

2000cc et seq; Bill of Rights, 1688; U.S.C.A. title 28 § 1915.

10. The Court has supplemental jurisdiction over the plaintiff's state law tort claim under U.S.C.A. title 28 § 1367 (a).

## FACTS

11. Plaintiff alleges at all times material within said complaint a prisoner housed at Massachusetts Correctional Institution, Cedar Junction located in South Walpole, Massachusetts.

12. Plaintiff alleges that he has been a solitary practitioner and follower of the International Fellowship of ISIS a world wide organization with over 200,000 members for the past 19 years while incarcerated at this facility.

13. Plaintiff alleges the central belief system is Egyptian Paganism of the Gods and Goddesses deities of ancient Egypt.

14. Plaintiff alleges the central tenets require the use of a Tarot Card deck containing 22 cards called the major arcana and 56 cards called minor arcana in the use of pathwork along the Tree of Life which requires meditating upon the symbols for an esoteric meaning.

15. Plaintiff alleges as a solitary practitioner he requires the use of written text for daily prays and rituals primarily from the books ISIS MAGIC, THE MYSTERIES OF ISIS, ISIS UNVEILED, THE SECRET DOCTRINE, GODS OF THE EGYPTIANS and the BOOK OF THE DEAD ... etc.

16. Plaintiff alleges the use of his religious books teaches him also

which deities will assist him in healing, overcoming aggressive situations, relieve depression and increase creativity through visualization in assuming a god form.

17. Plaintiff alleges that fellow prisoners often inquired about the meaning of his religious beliefs and practices using the Tarot Cards of which he explained the religious creed that "magicK is not something you do; magicK is something you are," and that you must have a love for the natural world and a reverence for nature, and observe the seasonal changes and try to become one with nature that's just the outer teachings of the religion but the divine esoteric teachings and mysteries can only be found within ones self through mediation.

18. Plaintiff alleges that he purchased ten religious books and three Tarot Card decks religious items central to his religious beliefs through his prison personal account from the following bookstores, The Theosophical Society; The LLewelly New Times also known as LLewellyn Publication; Dover Publication and Barnes and Noble bookstore documented thru the years of 1989 - 1991.

19. Plaintiff alleges that as a solitary practitioner his possession of religious property was limited and the employment of symbolism within his ritual practices provided him a sense of personal connection to a divine life source with the use of his written text books and Tarot Card deck.

20. Plaintiff alleges that on or about October 15, 2002, he was told that he was being reassigned to lower housing security which he refused and was placed on administrative segregation awaiting action

28. Plaintiff alleges that on November 11, 2002, defendant MacKinnon returned his property without his personal religious property that also consisted of ten religious books and One Tarot Card deck along with other various religious items and his purchase receipts.

## CLAIM
### .1.

### PROHIBITING FREE EXERCISE OF RELIGION

29. Plaintiff alleges shortly after these events, he sent a letter accompanied by two grievance complaints sent to former Deputy Commissioner Kathleen M. Dennehy concerning the confiscation of his religious property that included his ten religious books and one Tarot Card deck who then forwarded the letter and two grievance complaints to defendant Ladouceur.

30. Defendant Ladouceur forwarded the two grievance complaints to defendant Fyfe who stamped them on November 13, 2002, as being received by the Institutional Grievance Office.

31. Plaintiff alleges that he also sent a letter to Administrative Assistant Joanne Paquin trying to resolve this problem in house as soon as possible without legal action.

32. Plaintiff suffered emotional distress by defendant MacKinnon's confiscation of his ten religious books and one Tarot Card deck substantially burdening his right to worship he was accustomed according to his sincerely held religious beliefs.

33. Plaintiff alleges that on November 12, 2002, he spoke with defendant Fyfe concerning the grievance complaints regarding the confiscation of his ten religious books and Tarot Card deck by defendant MacKinnon.                .5.

34. Plaintiff alleges that defendant Fyfe informed him that he would contact defendant MacKinnon regarding which religious property under property regulations would be returned to him.

35. Plaintiff alleges on November 15, 2002, he received summary findings of his filed grievance complaints under the direction of defendant Elliott issued by defendant Fyfe stating his religious property was confiscated for reasons given as "the record indicates that you are catholic that contradicts your religious rights being violated. This emergency is denied."

36. Plaintiff suffered emotional distress by defendants Elliott and Fyfe's reckless disregarding prison property policies substantially burdening his right to worship he was accustomed according to his sincerely held religious beliefs.

37. Plaintiff alleges that on November 15, 2002, he filed an appeal of defendant Fyfe's denial of his grievance complaints with defendant Allen.

38. Plaintiff alleges that on November 26, 2002, he received summary findings on his appeal by defendant Allen stating that "your religious rights have not been violated. Whereas your religious designation is listed as catholic the articles removed from your cell were appropriately contraband."

39. Plaintiff alleges that on January 9, 2003, he received a letter by defendant Ladouceur stating "please be advised after a through review of the above-mention grievances and appeal I, concur with the institutional summary of the findings that your religious designation listed as catholic."

40. Plaintiff suffered emotional distress by defendants Allen and Ladouceur recklessly disregarding prison property regulations substantially burdening his right to worship he was accustomed according to his sincerely held religious beliefs.

41. Plaintiff alleges that on March 4, 2005, he sent a letter accompanied by an Inmate Religious Service Request Form to Commissioner Kathleen Dennehy who forwarded the request form to defendant Nolan for investigation and resolution.

42. Plaintiff alleges that on March 30, 2005, defendant Nolan sent him summary finding regarding his Inmate Religious Service Request Form stating, "according to Cedar Junction property department records, there is no documentation to indicate that you had ever purchased any Tarot Cards or specific religious books, nor were these items in your property upon admission. I consider this matter closed."

43. Plaintiff suffered emotional distress by defendant Nolan's reckless disregarding prison property regulations substantially burdening his right to worship he was accustomed according to his sincerely held religious beliefs.

44. [A]ll administrative avenues have been exhausted by the Plaintiff.

### CLAIM FOR RELIEF

45. The actions of defendants Nolan, Allen, Ladouceur, Elliott, Fyfe and MacKinnon in prohibiting ten religious books and one Tarot Card deck without justification or excuse or in failing to correct injury against the plaintiff substantially burden his right to worship were done with reckless disregard and oppression and

.7.

constituted prohibiting of free exercise of religion in violation of the First Amendment to the United States Constitution.

46. The actions of defendants Nolan, Allen, Ladouceur, Elliott, Fyfe and MacKinnon in prohibiting ten religious books and one Tarot Card deck without justification or excuse against the plaintiff knew or reasonable should have known their oppression constituted constitutional tort of personal injury prohibiting free exercise of religion under the law of Massachusetts Tort Law.

47  The actions of defendants Nolan, Allen, Ladouceur, Elliott, Fyfe and MacKinnon in prohibiting ten religious books and one Tarot Card deck without justification or excuse or in failing to correct injury against the plaintiff substantially burden his right to worship were done with reckless disregard and oppression and constituted prohibiting of free exercise of religion in violation of Article II, XLVI, § 1, of the Massachusetts Constitution, Declaration of Rights.

48. An actual controversy exists between the parties which can only be resolved by this Court with a likeihood that the injury will be redressed by a favorable decision.

### RELIEF REQUESTED

WHEREFORE, plaintiff requests that the Court grant the following relief:

    A.   Issue a declaratory judgement stating that:

        1. The prohibiting ten religious books and one Tarot Card deck by defendants Elliott, Fyfe and MacKinnon violated the plaintiff's rights under the First Amendment to the United States Constitution and constituted prohibiting free exercise of religion under state law.

        2. Defendants Allen, Ladouceur and Nolan's failure to take action to correct the prohibiting of ten religious books and one Tarot Card deck violated the plaintiff's right under the First Amendment to the United

                Constitution and constituted prohibiting free exercise of religion under state law.

B.   Award **NOMINAL DAMAGES**:

C.   Award **PUNITIVE DAMAGES** in the following amounts:

    1.   $20,000.00 against defendant MacKinnon sued in her personal capacity.

    2.   $15,000.00 each against defendants Nolan, Allen and Elliott in their personal capacities.

    3.   $10,000.00 against defendant Fyfe sued in his personal capacity.

**JURY TRIAL DEMANDED**

### VERIFICATION OF FACTS

I, David Williams, declare:

    That I am the Plaintiff in the above - entitled matter, I have read the foregoing complaint and know the contents thereof, that the same is true of my own knowledge, and as to those matters I believe them to be true.

    I declare under the pains and penalties of perjury that the foregoing is true and correct. Signed this 31st day of October, 2005.

_David Williams aka Herbert Vaughan pro se_
David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071-0100

## CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above document was served upon attorney of record Richard C. McFarland at 70 Franklin Street, Boston, MA 02110 by pre-paid first class mail; AMENDED COMPLAINT: EXHIBITS.

*David Williams, pro se*
David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071-0100