```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

DAVID WILLIAMS,
    Plaintiff,

    v.                                            CIVIL ACTION NO.
                                                  05-11104-MLW

DAVID NOLAN, in his personal capacity;
PETER E. ALLEN, in his personal capacity;
KRISTIE LADOUCEUR, in her personal capacity;
SHERRY ELLIOT, in her personal capacity;
GARY FYFE, in his personal capacity; and
FRANCIS MacKINNON, in her personal capacity;
    Defendants.

**MEMORANDUM AND ORDER RE:
MOTION FOR ORDER OF NOTICE FOR SERVICE BY PUBLICATION
<u>(DOCKET ENTRY # 24)</u>**

**January 30, 2006**

**BOWLER, U.S.M.J.**

    Plaintiff David Williams ("plaintiff"), an inmate at the Massachusetts Correctional Institution, Cedar Junction ("MCI-Cedar Junction") located in South Walpole, Massachusetts filed the above styled civil rights action pro se.[1] Plaintiff contends that various correction officials interfered with the practice of his religious beliefs as a practitioner of "the International Fellowship of ISIS." (Docket Entry # 20, Att. 1, ¶ 12).

    In the above styled motion (Docket Entry # 24), plaintiff

---

[1] Plaintiff paid the filing fee and is not proceeding in forma pauperis.

seeks to waive service of the summons and the amended complaint upon defendant Peter E. Allen ("Allen"), a former employee of MCI-Cedar Junction.  Having unsuccessfully tried to serve Allen at MCI-Cedar Junction, plaintiff attempted service through the United States Marshals Service ("the Marshals Service").  See Fed. R. Civ. P. 4(c)(2) ("Rule 4(c)(2)") (at the plaintiff's request, "service may be effected by a United States marshal").  In so doing, plaintiff provided the Marshals Service with Allen's home address of 80 Litchfield Street, Brighton, Massachusetts 02135.  (Docket Entry # 8).  The return of service states that, "Process was returned unexecuted by U.S. Postal Service."  (Docket Entry # 24).

A number of courts find "good cause" within the meaning of Rule 4(m), Fed. R. Civ. P., when a prisoner fails to accomplish service of process through the Marshals Service upon a former prison employee if the prisoner provided sufficient information to identify the former employee.  See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Dumaguin v. Secretary of Health & Human Services, 28 F.3d 1218, 1221 (D.C.Cir. 1994).  As reasoned in these cases:

> although a state prison may be justifiably reluctant to provide employee addresses to a prisoner due to security concerns, it hardly can claim the same reluctance in providing the information to the U.S. Marshal Service or other federal agencies.  In other words, if the Marshal is able to obtain another address from the former prison employee using reasonable methods, then the requisite showing of "good cause" is made.

<u>Vandiver v. Martin</u>, 304 F.Supp.2d 934, 939 (E.D.Mich. 2004). Although these cases involve prisoners proceeding in forma pauperis, the dual concerns of the security risks inherent in disclosing a former employee's address to prisoners and the difficulties experienced by prisoners attempting "to obtain information through government channels," <u>Graham v. Satkoski</u>, 51 F.3d at 713, apply equally to prisoners such as plaintiff who are not proceeding in forma pauperis.  In addition, Rule 4(c)(2), like 28 U.S.C. § 1915(d), provides for the Marshals Service to effectuate the service of process.

Balancing the need for the disclosure against the individual's privacy rights under section 167(d) of Massachusetts General Laws chapter 66 ("section 167(d)"), plaintiff is already in possession of Allen's home address thereby lessening any invasion of privacy concern.  Furthermore, the Marshals Service is a "criminal justice agency" within the meaning of section 167(d).  Limiting both the contact and the disclosure of any additional information to the Marshals Service but allowing another attempt to serve Allen with the summons and a copy of the most recent amended complaint provides a reasonable balance of the competing concerns.

Thus, although plaintiff remains "responsible for service of a summons and complaint within the time allowed under [Rule 4(m)]," Fed. R. Civ. P. 4(a), and service of process "is a jurisdictional requirement," <u>Pardazi v. Cullman Medical Center</u>,

3

896 F.2d 1313, 1317 (11th Cir. 1990), the Marshals Service should employ "reasonable efforts" to serve Allen with a summons and a copy of the most recent amended complaint.  See generally Graham v. Satkoski, 51 F.3d at 713 ("[i]f the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of Rule 4(m)").  The reason for the return of process from the Brighton address is unclear and a further attempt should be made to serve Allen at this address.  In the event service is again unsuccessful, there should be an explanation or reason provided for the failure.

CONCLUSION

In accordance with the foregoing discussion, the motion for order of notice (Docket Entry # 24) is **ALLOWED** only to the extent of directing the Marshal Service to engage in a reasonable additional effort to serve Allen with a summons and copy of the most recent amended complaint filed on November 7, 2005.

The following deadlines shall govern these proceedings:  (1) May 5, 2006, to add any additional party and to file any motion to amend the amended complaint; (2) September 8, 2006, for the close of discovery and for the filing of any motion concerning discovery matters; and (3) October 13, 2006, to file any

dispositive motion.[2]

                              /s/ Marianne B. Bowler
                              **MARIANNE B. BOWLER**
                              Chief United States Magistrate Judge

---

[2] In the event a party wishes to include documents with the filing of a dispositive motion, it is advisable to file a summary judgment motion as opposed to a motion to dismiss unless such documents fall within an exception.  See generally Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).